RAMÓN VIANA, Plaintiff and Appellee, v. RAFAEL SANCHO
BONET, TREASURER OF PUERTO RICO; LESLIE A. MACLEOD,
AUDITOR OF PUERTO RICO, and THE INDUSTRIAL COMMISSION
OF PUERTO RICO, composed of MANUEL LEÓN PARRA,
FRANCISCO PAZ GRANELA and JUAN M. HERRERO, Defendants
and Appellants.

No. 8112.  Argued December 21, 1939.—Decided January 16, 1940.

E. Campos del Toro, Acting Attorney General, and M. Rodríguez
Ramos, Assistant Attorney General, for appellants. Arturo
O'Neill, for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

This appeal has been filed against the judgment of the
District Court of San Juan granting a petition for mandamus
and ordering as a consequence thereof, the defendants, the
Industrial Commission of Puerto Rico, Leslie A. McLeod and
Rafael Sancho Bonet, the last two as Auditor and Treasurer
of Puerto Rico respectively, to pay the plaintiff Ramón
Viana, the amount owing to him on the date of the service
of the writ as compensation amounting to $608, which was
awarded to him on August 24, 1933, by the Industrial Com-
mission, with costs to the defendants.

The case was submitted by stipulation of the parties and
with the approval of this Court on the day set for the hearing

of a motion to dismiss filed by the plaintiff appellee which must be denied before deciding the case.

The plaintiff alleges in substance that on August 26, 1933, the Industrial Commission of Puerto Rico awarded him a compensation of $608 of which he has received certain amounts as advance payments; that on May 15, 1937, the Legislative Assembly of Puerto Rico approved an appropriation of $800,000 or whatever part of it might be necessary for the payment of compensations to injured workmen of which appropriation the amount of $740,000 is still available, according to information obtained by the plaintiff; that the defendant Auditor has not as yet entered in his books nor put at the disposal of the Industrial Commission any amount of the remaining $740,000 in order to pay the compensations owed and lastly that as his attempts have been unsuccessful, he has been forced to file the present petition for mandamus.

The defendants answered and accepted that on August 2, 1937, the Industrial Commission awarded plaintiff the amount of $608.00 as compensation for an accident arising in the course of his employment. They also accept that the Legislative Assembly appropriated $800,000 on May 15, 1937, but they deny that the amount available at the present time is $740,000, and allege on the contrary that it amounts to $525,000. They also allege that the Auditor has put at the disposal of the Industrial Commission $100,000 so that the compensations owed be paid and also that the attempts of the complainant to collect have been taken into consideration and his compensation is in turn to be paid as soon as others corresponding to cases definitely decided before that of the plaintiff have been liquidated. The defendants allege that they have prepared a schedule for the payment of compensations awarded by the Industrial Commission due to the fact that the money appropriated and the money available is not sufficient to pay them all.

The defendants allege that the district court erred:

"1. In holding that under the present state of the different laws applicable to the facts of this case, the procedure for payment adopted by the defendants does not constitute a legal excuse sufficient to stop the plaintiff from demanding the total payment of his compensation in the present writ of mandamus.

"2. In giving judgment on the complaint and ordering the clerk of the court that once the judgment is final he should issue a peremptory writ of mandamus addressed to the defendants and requiring them upon receipt of the writ to pay the plaintiff in the performance of their duties the amount owing to him on the date said writ is served upon them, by reason of the compensation of $608.00 awarded to him by the Industrial Commission on August 24, 1933.

"3. In ordering the defendants to pay the costs."

The second alleged error is a consequence of the first and therefore in order to dispose of the case it is sufficient to decide the first.

In *Torres* v. *Industrial Commission,* 54 P.R.R. 105, 109, this Court said:

"The question as to whether the law we have just copied does not give the Industrial Commission specific authority so that the latter may distribute in its discretion, *pro rata,* all the claimants' partial amounts carried in the books of the Auditor is not really involved in th's appeal. We are inclined, nevertheless, to agree with the lower court, without deciding it, that the duties imposed upon the Commission are purely ministerial. According to the provisions of Section 2, *supra,* as soon as the Auditor has in his books any sum designated or that can be used for the payment of the indemnities owed to injured workmen or beneficiaries or heirs in case of the death of the workmen, from September 1, 1925, to June 30, 1935,' as prescribed by Section 1, *supra,* it shall be the duty of the Commission to certify the payment of any of said cla'ms and issue the vouchers which may be necessary to be given to the Auditor of Puerto Rico for their payment. See *Berríos* v. *District Court,* 42 P.R.R. 160, and *López* v. *Treasurer,* 47 P.R.R. 213.

"For the reasons we have just set forth, the third and fourth alleged errors should be overruled.

"The Commission has not given any reason or legal excuse to justify their denial to cert'fy the payment of a claim which has

already been awarded and liquidated. And as this is a ministerial duty, the lower court did not err in issuing the writ prayed for."

And Section 2 of Act No. 139 of May 15, 1937 (Laws 1936–37, page 301) reads as follows:

"Section 2.—After the appropriations have been made and have been set up on the books of the Auditor of Puerto Rico, partially or wholly, the Liquidation Bureau of the Industrial Commission shall certify the corresponding payments for the indemnities mentioned in Section 1 of this Act, and it shall issue the corresponding vouchers which shall be submitted, in accordance with law, to the Auditor of Puerto Rico *for their* full payment." (Italics supplied.)

As the defendants have accepted that the Auditor has placed the amount of $100,000 at the disposal of the Industrial Commission in order that the compensations which are owed be paid, and as this Court has decided that once the appropriation has been made and entered in the books of the Auditor of Puerto Rico, the Industrial Commission has the ministerial duty of certifying payment and issuing the corresponding vouchers, it is clear from the last part of Section 2 of the Act of 1937, *supra,* that it is the duty of the Auditor to pay the amounts certified by the corresponding vouchers issued.

The defendants allege in their brief that it is more just and equitable to distribute partially the $100,000 as advance payments among all those having a right to compensation than to pay in full the compensations of a few.

This may be so, but as there are no legal provisions authorizing defendants to do so, neither the Industrial Commission, nor the Auditor, nor the Treasurer, nor the courts of justice, can postpone or fractionate the payment of a compensation awarded by the Industrial Commission and against which there is no petition for review pending. The injustice, if any there be, may be corrected only by the Legislative Assembly.

For the above reasons, the judgment appealed from must be affirmed and as a consequence thereof, the defendants are

ordered to pay the plaintiff the balance of the $608.00 owing to him on the date in which the writ is served upon them. All this without any special imposition of costs.

## ON MOTION FOR RECONSIDERATION

February 6, 1940.

The defendants request the reconsideration of our judgment of January 16, 1940.

In the opinion on which said judgment is based, we said the following:

"The defendants allege in their brief that it is more just and equitable to distribute partially the $100,000 as advance payments among all those having a right to compensation than not to pay in full the compensations of a few.

"This may be so, but as there are no legal provisions to authorize defendants to do so, neither the Industrial Commission, nor the Au- d'tor, nor the Treasurer, nor courts of justice, can postpone or frac- tionate the payment of a compensation awarded by the Industrial Commiss'on and against which there is no petition for review pend- ing. The injustice, if any there be, may be corrected only by the Legislative Assembly."

The defendants allege that in no part of their brief, nor in any of their allegations before the courts which have con- sidered this case have they stated their opinion in the sense that it would be more just or equitable to distribute the $100,000 partially as advances among all those having a right to compensation and that they have not attacked the correctness of the full payments of the corresponding com- pensation to a few; that on the contrary they allege that as the money available was not sufficient to pay all the compen- sations awarded by the Industrial Commission they prepared a schedule whereby they paid the cases in order in regard to the time when they were definitely decided and that the existing situation is that the plaintiff's case is not in turn for payment.

The defendants are right in regard to the fact that neither in their allegations nor in their brief have they stated what

we said in our opinion and also in regard to the fact that the true issue was their authority to postpone and not to fractionate the amounts of the compensations awarded by the Industrial Commission. Nevertheless, this does not alter the final holding in the case. In the paragraph copied above we clearly said that ". . . neither the Industrial Commission, nor the Auditor, nor the Treasurer, nor courts of justice, can postpone . . . the payment of a compensation awarded by the Industrial Commission and against which there is no petition for review pending." As we have interpreted the law if there are sufficient funds in the hands of the defendants it is their ministerial duty to pay entirely and when they are ordered to do so, the amount of the compensations awarded by the Industrial Commission. And as the writ of mandamus lies to force the compliance with ministerial duties, whether the order of payment established by the defendants is just or unjust, we feel bound to affirm the judgment rendered by the district court. Therefore, the motion for reconsideration is denied.